UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LIONEL TATE, SR., | ) | 1:09-cv-02144-JLT HC |
| | ) | |
| Petitioner, | ) | ORDER TO SHOW CAUSE WHY THE |
| | ) | PETITION SHOULD NOT BE DISMISSED |
| v. | ) | FOR VIOLATION OF THE ONE-YEAR |
| | ) | STATUTE OF LIMITATIONS (Doc. 1) |
| | ) | |
| JAMES D. HARTLEY, | ) | ORDER DIRECTING PETITIONER TO FILE |
| | ) | A RESPONSE WITHIN THIRTY DAYS |
| Respondent. | ) | |

**PROCEDURAL HISTORY**

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant federal petition for writ of habeas corpus was filed on December 8, 2008.[1] A preliminary review of the Petition, however, reveals that the petition may be

---

[1] In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988). The rule is premised on the pro se prisoner's mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be adverse to his." Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see, Houston, 487 U.S. at 271, 108 S.Ct. at 2382. The Ninth Circuit has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the AEDPA. Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000), amended May 23, 2001, vacated and remanded on other grounds sub nom. Carey v. Saffold, 536 U.S. 214, 226 (2002). The date the petition is signed may be considered the earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule. Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th cir. 2003). Accordingly, for all of Petitioner's state petitions and for the instant federal petition, the Court will consider the date of signing of the petition (or the date of signing of the proof of service if no signature

untimely and should therefore be dismissed.

**DISCUSSION**

A.  Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua sponte* a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond. 260 F.3d at 1041-42. By issuing this Order to Show Cause, the Court is affording Petitioner the notice required by the Ninth Circuit in Herbst.

B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).  The instant petition was filed on December 8, 2009, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of  habeas corpus. 28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

---

appears on the petition) as the earliest possible filing date and the operative date of filing under the mailbox rule for calculating the running of the statute of limitation.  Petitioner signed the instant petition on December 8, 2009. (Doc. 1, p. 12).

>    (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Here, Petitioner contends that the terms of the plea agreement in a 1987 conviction, based on a guilty plea, have been violated. The conviction that Petitioner is challenging occurred on June 11, 1987. (Doc. 1, p. 39). On that date, Petitioner pleaded nolo contendere in the Superior Court for the County of Santa Clara to one count of rape and one count of penetration by a foreign object. (Doc. 1, pp. 47-48). Petitioner was advised at the time of his plea that these convictions could be used to enhance his sentences if he were convicted of another crime in the future. (Doc. 1, p. 45). As part of the plea agreement, Petitioner waived his right to an appeal from the two convictions. (Doc. 1, p. 49).

California state law governs the period within which prisoners have to file an appeal and, in turn, that law governs the date of finality of convictions. See, e.g., Mendoza v. Carey, 449 F.3d 1065, 1067 (9th Cir. 2006); Lewis v. Mitchell, 173 F.Supp.2d 1057, 1060 (C.D. Cal. 2001)(California conviction becomes final 60 days after the superior court proceedings have concluded, citing prior Rule of Court, Rule 31(d)). Pursuant to California Rules of Court, Rule 8.308(a), a criminal defendant convicted of a felony must file his notice of appeal within sixty days of the rendition of

judgment.  See People v. Mendez, 19 Cal.4th 1084, 1086, 969 P.2d 146, 147 (1999)(citing prior Rule of Court, Rule 31(d)).  Because Petitioner did not file a notice of appeal, his direct review concluded on August 10, 1987, when the sixty-day period for filing a notice of appeal expired. Thus, to the extent that Petitioner is challenging this 1987 conviction, his direct appeal concluded before the effective date of the AEDPA.

Alternatively, Petitioner may be challenging a later conviction, in 1993 in the Santa Clara Superior Court, also for rape with force and violence as well as for rape with a foreign object.  (Doc. 1, p. 3).  Petitioner appealed this conviction, eventually filing a Petition for Review in the California Supreme Court that was denied on November 16, 1995.  (Doc. 1, p. 4).   Under such circumstances, direct review would have concluded on February 14, 2000, when the ninety day period for seeking review in the United States Supreme Court expired.  Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998).  This date also preceded the enactment of the AEDPA.

Thus, regardless of which conviction Petitioner actually is challenging, direct review concluded before the enactment of the AEDPA.  The AEDPA is silent on how the one year limitation period affects cases where direct review concluded *before* the enactment of the AEDPA. The Ninth Circuit, however, has held that if a petitioner whose review ended before the enactment of the AEDPA filed a habeas corpus petition within one year of the AEDPA's enactment, the Court should not dismiss the petition pursuant to § 2244(d)(1).  Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283,1286 (9th Cir.), *cert. denied*, 118 S.Ct. 899 (1998); Calderon v. United States Dist. Court (Kelly), 127 F.3d 782, 784 (9th Cir.), *cert. denied*, 118 S.Ct. 1395 (1998).   In such circumstances, the limitations period would begin to run on April 25, 1996, the day following the effective date of the AEDPA.  Patterson v. Stewart, 2001 WL 575465 (9th Cir. Ariz.).  Petitioner would then have had from April 25, 1996 until April 24, 1997, within which to file his federal petition challenging either the 1987 or the 1993 convictions.[2]  As mentioned, Petitioner did not file

---

[2] The difficulty in determining which conviction is being challenged stems from the fact that, while Petitioner complains that Respondent is denying him half-time credits on the sentence in his 1993 conviction in part because that sentence was enhanced by the 1987 conviction, the gravamen of the petition itself argues that the 1987 petition was

1  the instant petition until December 8, 2009, over twelve years after the one-year period expired.
2  Thus, unless Petitioner is entitled to either statutory or equitable tolling, the petition is untimely and
3  must be dismissed.

    C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

5  Under the AEDPA, the statute of limitations is tolled during the time that a  properly filed
6  application for state post-conviction or other collateral review is pending in state court.  28 U.S.C.
7  § 2244(d)(2).  A properly filed application is one that complies with the applicable laws and rules
8  governing filings, including the form of the application and time limitations.  Artuz v. Bennett, 531
9  U.S. 4, 8, 121 S. Ct. 361 (2000).  An application is pending during the time that 'a California
10 petitioner completes a full round of [state] collateral review," so long as there is no unreasonable
11 delay in the intervals between a lower court decision and the filing of a petition in a higher court.
12 Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized
13 by Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks and citations
14 omitted); see Evans v. Chavis,  546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see Carey v. Saffold,
15 536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006
16 (9th Cir. 1999).

17 Nevertheless, there are circumstances and periods of time when no statutory tolling is
18 allowed.  For example, no statutory tolling is allowed for the period of time between finality of an
19 appeal and the filing of an application for post-conviction or other collateral review in state court,
20 because no state court application is "pending" during that time.  Nino, 183 F.3d at 1006-1007.
21 Similarly, no statutory tolling is allowed for the period between finality of an appeal and the filing of

---

unconstitutional because, in using that conviction as the basis for a sentence enhancement (i.e., credit-earning limitation) in a future conviction, the terms of the 1987 plea agreement were thereby violated.  Although such a legal argument has a certain perplexing circularity to it, the Court is of the view that, if Petitioner is going to argue that the denial of half-time credits in his 1993 sentence are illegal because the 1987 plea agreement did not contemplate future use as an enhancement, he must first attack that 1987 plea agreement as having been violated.  This will be difficult in a habeas proceeding since Petitioner has already completed the sentence for the 1987 conviction, as he was "credited out" of that five-year sentence by time already served, and therefore Petitioner may not be able to establish the "in custody" requirement for a federal habeas proceeding.  Ultimately, however, for statute of limitation purposes, it makes no appreciable difference which conviction Petitioner is attacking since direct review for both the 1987 and 1993 convictions concluded prior to the enactment of the AEDPA and thus the one-year limitation period has long-since expired for attacking either conviction.

a federal petition. Id. at 1007.   In addition, the limitation period is not tolled during the time that a federal habeas petition is pending. Duncan v. Walker, 563 U.S. 167, 181-182, 121 S.Ct. 2120 (2001); see also, Fail v. Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16, 2002).  Further, a petitioner is not entitled to statutory tolling where the limitation period has already run prior to filing a state habeas petition. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jiminez v. White, 276 F. 3d 478, 482 (9th Cir. 2001).  Finally, a petitioner is not entitled to continuous tolling when the petitioner's later petition raises unrelated claims. See Gaston v. Palmer, 447 F.3d 1165, 1166 (9th Cir. 2006).

Here, Petitioner alleges that he filed the following state habeas petitions: (1) filed on March 11, 2009 in the Santa Clara Superior Court and denied on April 17, 2009; (2) filed in the California Court of Appeal, Sixth Appellate District, on May 19, 2009 and denied on June 9, 2009; and (3) filed in the California Supreme Court on June 22, 2009 and denied on November 10, 2009.  (Doc. 1, p. 11).

Unfortunately for Petitioner, even assuming, without deciding, that these three state petitions were "properly filed" within the meaning of the AEDPA, they afford Petitioner no tolling consequences for the more than twelve-year delay in filing the instant petition.  A petitioner is not entitled to tolling where the limitations period has *already run* prior to filing a state habeas petition. Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000); Jiminez v. Rice, 276 F.3d 478 (9th Cir. 2001); see Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)(same); Ferguson v. Palmateer, 321 F.3d 820 (9th Cir. 2003)("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jackson v. Dormire, 180 F.3d 919, 920 (8th Cir. 1999) (petitioner fails to exhaust claims raised in state habeas corpus filed after expiration of the one-year limitations period).   Here, as mentioned, the limitations period expired on April 24, 1997, approximately twelve years *before* Petitioner filed his first state habeas petition. Accordingly, he cannot avail himself of the statutory tolling provisions of the AEDPA.

///

D.  Equitable Tolling

The limitation period is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time." Shannon v. Newland, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted).  "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation omitted).  As a consequence, "equitable tolling is unavailable in most cases." Miles, 187 F. 3d at 1107.

Here, Petitioner has made no claim of entitlement to equitable tolling, nor does the Court see any basis for affording such equitable tolling.  Accordingly, it appears that the petition is untimely by more than twelve years and must be dismissed.  However, following the Ninth Circuit's mandate, the Court will afford Petitioner an opportunity to respond to this Order to Show Cause by providing any additional information or arguments that would account for the twelve-year delay in filing the instant petition.  If Petitioner's response is insufficient, the Court will dismiss the petition as untimely pursuant to the AEDPA.

**ORDER TO SHOW CAUSE**

Accordingly, the Court HEREBY ORDERS:

1. Petitioner is ORDERED TO SHOW CAUSE within thirty (30) days of the date of service of this Order why the Petition should not be dismissed for violation of the one-year statute of limitations in 28 U.S.C. § 2244(d).

///

///

Petitioner is forewarned that his failure to comply with this order may result in an order dismissing the Petition pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated:   **April 5, 2010**                                                                          **/s/ Jennifer L. Thurston**
                                                                                          UNITED STATES MAGISTRATE JUDGE