UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LIONEL TATE, SR., | ) | 1:09-cv-02144-JLT HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATION RE: |
| | ) | RESPONDENT'S MOTION TO DISMISS |
| v. | ) | THE PETITION (Doc. 15) |
| | ) | |
| | ) | ORDER DIRECTING OBJECTIONS TO BE |
| JAMES D. HARTLEY, | ) | FILED WITHIN TWENTY DAYS |
| | ) | |
| Respondent. | ) | |

### **PROCEDURAL HISTORY**

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant federal petition for writ of habeas corpus was filed on December 8, 2008.[1] A preliminary review of the Petition indicated that the petition may be untimely

---

[1] In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988). The rule is premised on the pro se prisoner's mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be adverse to his." Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see, Houston, 487 U.S. at 271, 108 S.Ct. at 2382. The Ninth Circuit has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the AEDPA. Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000), *amended* May 23, 2001, *vacated and remanded on other grounds sub nom*. Carey v. Saffold, 536 U.S. 214, 226 (2002). The date the petition is signed may be considered the earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule. Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th cir. 2003). Accordingly, for all of Petitioner's state petitions and for the instant federal petition, the Court will consider the date of signing of the petition (or the date of signing of the proof of service if no signature appears on the petition) as the earliest possible filing date and the operative date of filing under the mailbox rule for calculating the running of the statute of limitation. Petitioner signed the instant petition on December 8, 2009. (Doc. 1, p.

1

and should therefore be dismissed.  Accordingly, on April 6, 2010, the Court issued an Order to Show Cause why the petition should not be dismissed for violation of the one-year statute of limitation contained in 28 U.S.C. § 2244(d).  (Doc. 6).  On April 22, 2010, Petitioner filed a response to the Order to Show Cause, arguing that the petition was timely because Petitioner did not discover the factual predicate of his claim until recently.  (Doc. 7).  Without making any findings regarding timeliness, the Court ordered Respondent to file a response to the petition on April 29, 2010.  (Doc. 8).  On July 29, 2010, Respondent filed the instant motion to dismiss, arguing that the petition should be dismissed because Petitioner had raised a claim that sounded only in state law.  (Doc. 15).  On August 11, 2010, Petitioner filed his opposition to the motion to dismiss, arguing that he was contending that Respondent had offended federal due process guarantees by violating the original plea agreement.  (Doc. 16).

**DISCUSSION**

A.  <u>Issues Raised In Petition And The Motion To Dismiss</u>.

Petitioner alleges that he was convicted in 1993 of two counts of rape by force and one count of rape with a foreign object by force.  (Doc. 1, p. 10).  He was sentenced to the maximum term of eight years on each of the three counts, to be served consecutively, for a total of twenty-four years.  Petitioner's sentence was enhanced with two ten-year enhancements and a one-year enhancement, all based on prior convictions and all to be served consecutively to the base terms, for a total sentence of forty-five years.  (<u>Id</u>.).

Petitioner alleges that Respondent used the fact of the two prior convictions to deny Petitioner the standard "half-time" credits on his 1993 sentence.  (<u>Id</u>.).  One of the convictions that resulted in a ten-year enhancement and lower credit-earning status resulted from a plea bargain in 1987.  Petitioner argues that the plea agreement in that case, while it "does state the ways the conviction...can be used to enhance Petitioner's sentence in the future," did not expressly state that it could be used to deny Petitioner the ability to earn "half-time" credits.  (<u>Id</u>.).  Therefore, Petitioner requests that he be allowed to withdraw the plea in that case.  (<u>Id</u>.).  Implicit in Petitioner's argument is his contention that the 1987 conviction should not be used to deny him credits because the

12).

2

effective date of the applicable statute, i.e., California Penal Code § 2933.5, was 1990, well after Petitioner's 1987 conviction. (Doc. 1, p. 29).

Respondent's motion to dismiss contends that the petition should be dismissed for failure to state a cognizable federal habeas claim. Respondent argues that Petitioner is challenging Respondent's interpretation and application of California law, and, as such, Petitioner's claim fails to sound in federal law. (Doc. 15, p. 4). Petitioner's opposition emphasizes that he is only raising one claim, i.e., "California Department of Corrections and Rehabilitation...violated Petitioner's due process rights by violating the plea agreement" in his 1987 conviction. (Doc. 16, p. 2). Petitioner maintains that he has claimed a violation of federal due process by citing three federal cases to support his federal claim, although Petitioner acknowledges that he "did not explain how the cases he cited show how his Federal Constitutional Rights were violated." (Id.).

B.  Failure to Present a Federal Question.

The basic scope of habeas corpus is prescribed by statute. Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added). See also Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Federal habeas review is limited to claims that are set out as described above.

The instant claim for relief is deficient because it fails to adequately allege a violation of the Constitution or to argue that Petitioner is in custody in violation of the Constitution. A claim of state sentencing error does not raise a federal constitutional question for federal habeas review. See Lewis v. Jeffers, 497 U.S. 764, 783 (1990). As the Supreme Court has stated, "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67, 68 (1991)("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'"), *quoting* Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Gilmore v.

1  Taylor, 508 U.S. 333, 348-349 (1993)(O'Connor, J., concurring)("mere error of state law, one that
2  does not rise to the level of a constitutional violation, may not be corrected on federal habeas").
3  Indeed, federal courts are bound by state court rulings on questions of state law. Oxborrow v.
4  Eikenberry, 877 F.2d 1395, 1399 (9th Cir.), *cert. denied*, 493 U.S. 942 (1989).
5        Petitioner's rejoinder is that he is raising a federal issue because he labels his allegation of a
6  breach of his 1987 plea agreement as a "due process violation." When Respondent seeks to delve
7  more deeply into the claim, i.e., beyond the abstract label of "due process," to uncover the factual
8  and legal basis on which Petitioner contends that the 1987 plea agreement was breached, Petitioner
9  argues that Respondent is ignoring the fact that his claim is based on a due process violation.
10       What Petitioner fails to grasp in this legal colloquy is that broad and generic claims of
11 violations of federal rights are, by themselves, insufficient to state a cognizable federal habeas claim.
12 "Conclusory allegations which are not supported by a statement of specific facts do not warrant
13 habeas relief." James v. Borg, 24 F.3d 20, 29 (9th Cir.1994).  Petitioner's mere assertion of a due
14 process violation, *without more*, does not automatically "transform a state law issue into a federal
15 one...." Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996).  Broad, conclusory allegations of
16 unconstitutionality are insufficient to state a cognizable claim. Jones v. Gomez, 66 F.3d 199, 205
17 (9th Cir.1995); Greyson v. Kellam, 937 F.2d 1409, 1412 (9th Cir.1991) (bald assertions of
18 ineffective assistance of counsel did not entitle the petitioner to an evidentiary hearing); see also
19 Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999), *citing* Gray v. Netherland, 518 U.S. 152, 162-
20 63 (1996) ("general appeals to broad constitutional principles, such as due process, equal protection,
21 and the right to a fair trial, are insufficient to establish exhaustion).
22       Thus, a claim of a "due process violation" is not, by itself, a cognizable habeas claim.  Some
23 factual context must support the legal contention of a federal due process violation.  Petitioner
24 cannot hide behind his broad constitutional labels without allowing the Court to consider the actual
25 facts that gave rise to the purported federal constitutional violation.  Here, Respondent has argued
26 that the claim of a breach of the plea agreement is based upon Petitioner's argument in the California
27 Superior Court that his 1987 conviction should not have been used to deny him half-time credits
28 under Penal Code § 2933.5, because that statute was enacted after his plea agreement went into effect

4

in 1987.[2] For his part, Petitioner, in his opposition, argues that the 1987 plea agreement has been breached because it did not expressly contemplate being used in a later criminal proceeding to deny Petitioner the right to earn half-time credits. Either way, however, the gravamen of the claim of a breach of the 1987 plea agreement boils down to whether Respondent correctly interpreted and applied Penal Code § 2933.5 to deny Petitioner the right to earn half-time credits based on a conviction obtained prior to the enactment of § 2933.5.

Under Respondent's view, the construction and application of § 2933.5 is dispositive of Petitioner's claim. That section expressly provides as follows:

> "This section shall apply whenever the present felony offense is committed on or after the effective date of this section, <u>regardless of the date of commission of the prior offense or offenses resulting in credit-earning ineligibility</u>."

Cal. Pen. Code § 2933.5(c)(Emphasis supplied). Clearly, any resolution of the claim that § 2933.5 does or does not apply to a prior conviction is a question involving only state law.

Under Petitioner's view, the plea agreement itself did not contain express language that the 1987 conviction could be used to deny Petitioner half-time credits in the event he were convicted at some future date of another felony. To decide such a claim on its merits, however, would necessarily entail a consideration of whether § 2933.5, or indeed any other applicable California statute, permits the use of a prior conviction in some way that the plea agreement underlying that conviction did not expressly acknowledge and/or contemplate. In such a circumstance, the Court would again be required to examine, interpret, and apply California laws to resolve such an issue.

In sum, Petitioner has not shown that his due process claim is grounded in anything other than Respondent's purported misapplication of California law to deny him half-time credits. Because the instant claim is grounded entirely on state law, and because Petitioner has failed to

---

[2] In his Superior Court petition, Petitioner appears to make the argument set forth by Respondent, i.e., that applying the provisions of Pen. Code § 2933.5, enacted in 1990, to a conviction obtained in 1987, would unlawfully give the statute "an impermissible retroactive effect" by attaching "new legal consequences to the accused's decision to plead guilty." (Doc. 15, Ex. C, p. 3). Then, in his petition filed with the California Court of Appeal, Petitioner appears to have abandoned this tack in favor of his argument that the plea agreement did not contain any specific provision authorizing the use of the conviction to deny him half-time credits in a subsequent conviction and sentence. (Doc. 15, Ex. E, pp. 3-4). However, in his petition filed in the California Supreme Court, Petitioner raises both arguments. (Doc. 15; Ex. F, pp. 3-5). In the instant petition, Petitioner raises both arguments: he argues that the plea agreement contained no express provisions precluding half-time credit earning, but he also contends that Pen. Code § 2933.5 "did not exist at the time of the plea agreement...." (Doc. 1, p. 10).

provide any authority that his contention actually raises a federal question, it is not cognizable on federal habeas and should be dismissed.

**RECOMMENDATIONS**

For the foregoing reasons, the Court HEREBY RECOMMENDS as follows:

1. That Respondent's motion to dismiss the petition for writ of habeas corpus (Doc. 15), be GRANTED and that the petition for writ of habeas corpus be dismissed for failure to state a claim upon which habeas relief can be granted.

This Findings and Recommendations is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty (20) days after being served with a copy of this Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the Objections shall be served and filed within fourteen (14) days after service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

<u>IT IS SO ORDERED.</u>

Dated:   **October 21, 2010**                                            **/s/ Jennifer L. Thurston**
                                                                                    UNITED STATES MAGISTRATE JUDGE