# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIONEL TATE, SR., | 1:09-cv-02144-LJO-JLT HC |
| Petitioner, | ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION (Doc. 22) |
| v. | |
| JAMES D. HARTLEY, Warden, | |
| Respondent. | |

**PROCEDURAL HISTORY**

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant federal petition for writ of habeas corpus was filed on December 10, 2009. (Doc. 1). In his petition, Petitioner contends that his inability to earn half-time credits based on a sentence enhancement for a prior conviction violates the plea agreement in that prior conviction. On April 29, 2010, the Court ordered Respondent to file a response. (Doc. 8). On July 29, 2010, Respondent filed a motion to dismiss the petition because Petitioner's claims sound only in state law. (Doc. 15). On August 11, 2010, Petitioner filed his opposition to the motion to dismiss. (Doc. 16). On October 21, 2010, the Magistrate Judge issued Findings and Recommendations to grant Respondent's motion to dismiss for failure to state a federal habeas claim. (Doc. 18). On November 1, 2010, Petitioner filed his objections to the Findings and Recommendations. (Doc. 19). On November 19, 2010, the District Judge adopted the Findings and

1

Recommendations, entered judgment against Petitioner, and order the Clerk of the Court to close the file.  (Doc. 20).  On December 1, 2010,  Petitioner filed the instant motion for reconsideration, contending that he had established in his petition and opposition to the motion to dismiss that his claim was based upon federal law.  (Doc. 22).

## DISCUSSION

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court.  Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b).  A motion under Rule 60(b) must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken."  Id.

Moreover, when filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."  Motions to reconsider are committed to the discretion of the trial court.  Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

Here, Petitioner has failed to meet any of the requirements for granting a motion for reconsideration: He has not shown "mistake, inadvertence, surprise, or excusable neglect;" he has certainly not shown either newly discovered evidence or fraud; the judgment has not been shown to be either void or satisfied; and Petitioner has not presented any other reasons justifying relief from judgment.  Moreover, pursuant to the Court's Local Rules, Petitioner has not "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."   Local Rule 230(j).

Indeed, the arguments raised in the instant motion for reconsideration are mere repetitions of

the arguments Petitioner has already raised in his opposition to the motion to dismiss and his objections to the Magistrate Judge's Findings and Recommendations. This Court had already read, considered, and rejected those very arguments prior to adopting the Magistrate Judge's Findings and Recommendations.  Because the motion for reconsideration provides no new evidence or circumstances that would satisfy the requirements of Rule 60(b), it must therefore be denied.

## **ORDER**

Accordingly, it is HEREBY ORDERED that Petitioner's motion for reconsideration (Doc. 22), is DENIED.

IT IS SO ORDERED.

**Dated:     April 21, 2011**                       /s/ Lawrence J. O'Neill
                                                                     UNITED STATES DISTRICT JUDGE